■ In the Matter of MARJORIE WEINBERGER, Mother on Behalf of LOUISE WEINBERGER and Another, Respondent-Appellant, v. HERBERT WEINBERGER, Appellant-Respondent.— Order, entered June 24, 1964, modified on the law, the facts and in the exercise of discretion as hereinafter indicated, and as so modified is otherwise affirmed, without costs. (1) The first ordering paragraph of said order appealed from is modified to provide that respondent pay or cause to be paid to the Support Bureau for and toward the support of Louise and Thomas Weinberger, his children, the sum of $25 per week for each child, and (2) the third ordering paragraph of said order appealed from is modified to direct that respondent pay to petitioner's attorney the sum of $400 as

and for a counsel fee. The provisions of the second ordering **paragraph** directing payments by the respondent toward the expense of orthodontia and psychotherapy for Thomas Weinberger remain unchanged. By reason of the modifications as indicated the respondent will be presently paying a total sum of $50 per week for the basic care and support of the infant children plus the sum of $5 per week towards the expense of orthodontia for Thomas Weinberger so long as he shall receive it and continue to need it, and the additional sum of $15 per week towards the expense of psychotherapy for Thomas Weinberger so long as he shall receive it and continue to need it, beginning at the time provided for in the order appealed from. By the terms of the order as modified respondent will be paying a total sum of $70 per week for the care and support of the infant children. This fairly reflects the measure of care and support in accordance with respondent's means, which he would be obliged to assume if the parties were not divorced and the children were still in the home. The parties had agreed upon the sum of $40 per week for the support of the children at the time of the separation and this provision was included in the decree of divorce subsequently obtained by the petitioner. Respondent at all times met that obligation. Petitioner brought this proceeding for an increase, which was allowed as indicated. The measure and amount of the increase, the nature of the proceeding, the amount of legal effort required, and the means of respondent which are but slightly improved from that found in the previous order, persuades us that the counsel fee allowed was unreasonable. For that reason the allowance is modified as above set forth. Concur — Breitel, J. P., Valente, Stevens and Steuer, JJ.; McNally, J., dissents in part in the following memorandum: I dissent, in part, and vote to affirm the support award. The parties were married in 1946 and there are two children of the marriage, 13 and 10. The father admits to earnings of $15,600 per year and additional income of $800 from investments, making a total of $16,400. Even if the trial court's decision was based solely on a finding of changed circumstances, the all-inclusive support award of $90 weekly is amply supported by the record. Settle order on notice.